# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN CHAVIRA, | CASE NO. 1:12-cv-00055 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| RUTH CORONADO, et al., | (ECF No. 1) |
| Defendants. | |

### Screening Order

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at Kern Valley. Plaintiff names the following individual defendants: J. Todd, Ruth Coronado and Health Care Appeal Coordinator Robin Burton.

Although difficult to discern from Plaintiff's statement of claim, it appears that Plaintiff is alleging that he is being denied adequate medical care. Plaintiff makes vague references to a plate in his leg, and various medical appointments. Plaintiff fails to indicate any specific conduct by any of the named defendants.

**A.     Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

1  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
2  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
3  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
4  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
5  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
6  make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely
7  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

8        Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff sets forth generalized
9  allegations regarding his health care, and names 3 individual defendants.  To state a claim under
10 section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the
11 defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los
12 Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right,
13 where that person 'does an affirmative act, participates in another's affirmative acts, or omits to
14 perform an act which [that person] is legally required to do that causes the deprivation of which
15 complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v.
16 Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established
17 not only by some kind of direct, personal participation in the deprivation, but also by setting in
18 motion a series of acts by others which the actor knows or reasonably should know would cause
19 others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

20       Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to
21 hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
22 that defendant is employed and in what capacity, and explain how that defendant acted under color
23 of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must
24 describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.
25 Plaintiff has failed to do so here.

26 **III.  Conclusion and Order**

27       The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
28 which relief may be granted under section 1983.  The Court will provide Plaintiff with the

1 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
2 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not
3 change the nature of this suit by adding new, unrelated claims in his amended complaint. George,
4 507 F.3d at 607 (no "buckshot" complaints).

5      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
6 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
7 Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be
8 [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.
9 Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

10      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
11 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
12 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
13 pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original
14 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
15 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
16 1474.

17      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

18      1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

19      2.    The Clerk's Office shall send to Plaintiff a complaint form;

20      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
21           amended complaint;

22      4.    Plaintiff may not add any new, unrelated claims to this action via his amended
23           complaint and any attempt to do so will result in an order striking the amended
24           complaint; and

25      5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this
26           action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 25, 2012**                    **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE