# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN CHAVIRA, | CASE NO. 1:12-cv-00055 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| RUTH CORONADO, et al., | |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

(9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. **Plaintiff's Claims**

This action proceeds on the July 9, 2012, second amended complaint, filed in response to an earlier order dismissing the June 12, 2012, first amended complaint with leave to amend. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at Kern Valley. Plaintiff names the following individual defendants: J. Todd, Ruth Coronado and Health Care Appeal Coordinator Robin Burton.

In the order dismissing the first amended complaint, the Court noted that, although difficult to discern from Plaintiff's statement of claim, it appeared that Plaintiff alleged that he was denied adequate medical care. Plaintiff made vague references to a plate in his leg, and various medical appointments. Plaintiff failed to indicate any specific conduct by any of the named defendants.

### A. **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Id</u>. (citing <u>McGuckin</u>, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u> at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

In the order dismissing the first amended complaint, the Court found Plaintiff's allegations

1  to be vague.  Plaintiff set forth generalized allegations regarding his health care, and named
2  3individual defendants.  Plaintiff was advised that in order to state a claim under section 1983, a
3  plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant
4  deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles,
5  442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that
6  person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act
7  which [that person] is legally required to do that causes the deprivation of which complaint is
8  made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d
9  740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some
10 kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts
11 by others which the actor knows or reasonably should know would cause others to inflict the
12 constitutional injury.'"  Id. (quoting Johnson at 743-44).

13    Plaintiff was further advised that he need not set forth legal arguments in support of his
14 claims.  Plaintiff was directed that in order to hold an individual defendant liable, he must name the
15 individual defendant, describe where that defendant is employed and in what capacity, and explain
16 how that defendant acted under color of state law.  Plaintiff was directed to state clearly, in his own
17 words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the
18 particular right described by  Plaintiff has failed to do so, and the Court therefore dismissed the first
19 amended complaint.  Plaintiff was specifically cautioned that he would be granted one final
20 opportunity amend the complaint to cure the defects identified in the order dismissing the first
21 amended complaint

22    In the second amended complaint, Plaintiff essentially re-asserts the allegations of the
23 original complaint. Plaintiff's statement of claim, in its entirety, follows:

> during "November" 11-19-2009 to "October 10-14 2011.  From December 12-26-10.  While, at Kern Valley State Prison a doctor Bo "Huan" told him, he would be sent to an outside hospital for surgery" relating to a metal plate in his left hand.  He was not sent for know such surgery."  He was discriminated " for his consatutions [sic] civil rights."   Very bad deliberate indifference from a serious "medical needs" still on going, from inflictions of pain" in his left hand" respectfully I remain" with a metal plate in his left hand." Know help at all."!

3

As noted above, Plaintiff was specifically directed to link each individual defendant with specific conduct that constituted deliberate indifference. In the second amended complaint, Plaintiff makes no reference to any named defendant. The only conduct charged to any individual is an allegation that Dr. Huan, not named as a defendant, told Plaintiff that he would be sent to an outside hospital for surgery.

### III. Conclusion and Order

In the order dismissing the first amended complaint, the Court informed Plaintiff of the deficiencies in the first amended complaint, and dismissed it on the ground that Plaintiff had failed to state a claim upon which relief could be granted. Because Plaintiff's second amended complaint has not cured the deficiencies identified in the order dismissing the first amended complaint, the Court dismisses the claims made in the second amended with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief can be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:  July 26, 2012            /s/ Gary S. Austin
                                 UNITED STATES MAGISTRATE JUDGE